IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISION

**DEMERRICK RATLIFF (PORTER)**
      **Plaintiff,**

v.   No.: _____
      **Jury Demanded**

**SHELBY COUNTY, TENNESSEE,**
**LEE HARRIS, Individually and in**
**his official capacity,**
**and FLOYD BONNER, JR., Individually and in his**
**official capacity,**

      **Defendants.**

## COMPLAINT

Comes now the Plaintiff, DEMERRICK RATLIFF (PORTER), by and through his attorneys of record, Paul Forrest Craig and Daniel Mickiewicz, and sues the Defendants, SHELBY COUNTY, TENNESSEE; LEE HARRIS, Individually and in his official capacity; and FLOYD BONNER, JR, Individually and in his official capacity, and for cause would show unto the Honorable Court as follows:

Parties

1.    Demerrick Ratliff is a resident of the County of Shelby, State of Tennessee and resides at 4891 Pebblerock Cove, Memphis, TN 38141 .

2.    That the Defendant, Shelby County, Tennessee is a county government organized under the laws of the State of Tennessee and may be served with process through the Office of the County Mayor Lee Harris located at 160 N. Main St., Ste. 625, Memphis, TN 38103.

3.    That the Defendant, LEE HARRIS, is the Mayor of Shelby County, Tennessee and may be served with process through the mayor's office located at 160 N. Main St., Ste. 625,

Memphis, TN 38103.

4. That the Defendant, FLOYD BONNER, JR., is the Sheriff of Shelby County, Tennessee and may be served with process through the sheriff's office located at 201 Poplar, Suite 902, Memphis, TN 38103.

## Jurisdiction and Venue

5. This action is brought pursuant to 42 U.S.C. §1983 (federal civil rights), (due process violations) the Fourth and Fourteenth Amendments to the United States Constitution and (cruel and unusual punishment violations) the Eighth Amendment. This Court's jurisdiction is premised upon 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1343(a)(3) (federal civil rights).

6. Because all parties reside in the Western District of Tennessee, and the cause of action also arose in the district, venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

7. That the damages sought in the matter in controversy and to which the plaintiff believes they are entitled exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. 1332.

## JURY DEMAND

8. The Plaintiff demands a jury to try this cause when the issues are joined.

## Facts Common to All Claims

9. That at all times complained Defendants Lee Harris, and Floyd Bonner, Jr. acted as agents to the principal Defendant Shelby County, Tennessee. And Defendant Shelby County, Tennessee at all times ratified the actions of its agents, Defendants, Lee Harris and Floyd Bonner, Jr.

10. When an individual is arrested an incarcerated in the jail facilities of Defendant

Shelby County, Tennessee each individual is assigned an RNI Number (as identification) which stays associated with the individual for the remainder of his life.

11. Plaintiff Demerrick Ratliff (Porter) was born in 1980 and has been incarcerated by Defendant Shelby County, Tennessee and has an RNI No. of 274883.

12. Plaintiff Demerrick Ratliff (Porter) has a son who was born in 1999 who goes by the name Demerrick Porter, Jr. and who has also been incarcerated by Defendant Shelby County, Tennessee. Due to this incarceration, Demerrick Porter, Jr. has been assigned the RNI No. of 497832.

13. On or about May 23, 2019, the Shelby County Grand Jury returned an indictment against Demerrick Porter, Jr. under Case No. 19-03836 for theft of property $10,000 or more in violation of T.C.A. Sec. 39-14-103.

14. Plaintiff Demerrick Ratliff (Porter)'s RNI No. became associated with the grand jury indictment for his son.

15. The information concerning the Plaintiff's RNI No. was transmitted to the State of Tennessee who issued an arrest warrant for the Plaintiff for violation of Parole because at the time the Plaintiff was on parole.

16. Defendant Shelby County, Tennessee is the entity entrusted with ensuring that the proper RNI No. is associated with the corresponding indictment. Further, Defendant Shelby County, Tennessee is the entity responsible for transmitting said information to the State of Tennessee.

17. Plaintiff Demerrick Ratliff (Porter) is an African-American male who was driving in Memphis, Tennessee on August 23, 2019 in the City of Memphis.

18. On August 23, 2019, Plaintiff Demerrick Ratliff (Porter) was pulled over by the

City of Memphis Police Department while he was driving his vehicle. There was no reason for the officer of the City of Memphis to pull Plaintiff Ratliff over. Plaintiff Ratliff did not commit any traffic violation nor was there any issue with his vehicle which would warrant the officer of the City of Memphis Police Department pulling him over.

19. As a result of being pulled over, Plaintiff Ratliff was not issued any traffic citation. However, the officer of the City of Memphis Police Department did run Plaintiff Ratliff's drivers license and discovered that there was a warrant for the arrest of Plaintiff Ratliff.

20. Due to the fact that there appeared to be a warrant for the arrest of Plaintiff Ratliff, the officer of the City of Memphis Police Department took Plaintiff Ratliff (who was born in 1980) into custody.

21. The warrant for the arrest of Plaintiff Ratliff resulted out of a warrant which was for the arrest of his son, Demerrick Porter (who was born in 1999).

22. The RNI for Plaintiff's Ratliff's son, Demerrick Porter is 497832. Plaintiff Ratliff has an RNI of 274883. When the arrest warrant was issued for Plaintiff Ratliff's son, Demerrick Porter, Plaintiff Ratliff's RNI was erroneously placed upon the arrest warrant. This resulted in it appearing as if there was an arrest warrant for Plaintiff Ratliff.

23. At the time in which the City of Memphis Police Department took Plaintiff Ratliff into custody, his son, Demerrick Porter, was already in custody.

24. Since Demerrick Porter was already in custody at the time of the issuance of the arrest warrant, there should have been no active arrest warrant in the computer system.

25. On August 23, 2019, Plaintiff Ratliff was taken into custody. He was transported to the Shelby County Jail.

26. The Shelby County Jail is owned and operated by Defendant Shelby County,

Tennessee.

27. At the time of his arrest, Plaintiff Ratliff informed the City of Memphis Police Department that the arrest warrant for which they were picking him up was not for him, but was rather for his son.

28. When Plaintiff Ratliff was booked into the Shelby County Jail, he informed the officers of the Shelby County Jail that he was not supposed to be incarcerated. He informed them that it was his son who was to be incarcerated.

29. During his period of incarceration, Plaintiff Ratliff notified numerous officers of Defendant Shelby County, Tennessee that he was wrongfully incarcerate.

30. Upon being informed of the arrest of the wrong individual, no officers of the City of Memphis Police Department nor Shelby County Sheriff's office took any steps to effect the release of Plaintiff Ratliff.

31. Due to the August 23, 2019 arrest of Plaintiff Ratliff, the State of Tennessee took action to revoke the parole of Plaintiff Ratliff.

32. On August 23, 2019, Plaintiff Ratliff was on parole from a previous charge for which he had been convicted.

33. Since the State of Tennessee sought to revoke the parole of Plaintiff Ratliff, he was transported from the Shelby County Jail to the Shelby County Penal Farm. The Shelby County Penal Farm is owned and operated by Defendant Shelby County, Tennessee.

34. While at the Shelby County Penal Farm, Plaintiff Ratliff once again informed the officers that he was being wrongfully detained because he had been picked up on an arrest warrant that was actually for his son, Demerrick Porter. No one took any action to effect the release of Plaintiff Ratliff.

35.  While at the Shelby County Penal Farm, Defendant State of Tennessee schedule a hearing for the revocation of Plaintiff Ratliff's parole. It was during this hearing that the State of Tennessee realized there was an error and caused an investigation to ensue as to how Plaintiff Ratliff had been incarcerated.

36.  Approximately two weeks after said hearing, it was discovered that the Plaintiff's RNI No. had been used on a grand jury indictment for the Plaintiff's son. However, upon the realization of this error, the State of Tennessee Plaintiff Ratliff from the Shelby County Penal Farm back to the Shelby County Jail.

37.  It was not until the family of Plaintiff Ratliff retained him counsel that an order to release Plaintiff Ratliff was entered in the Court.

38.  Shelby County Criminal Court entered an Order to release Plaintiff Ratliff on November 4, 2019.

39.  Between the dates of August 23, 2019 and November 4, 2019, Plaintiff Ratliff was incarcerated by Defendant Shelby County, Tennessee for a period of 73 days. There was absolutely no reason for Plaintiff Ratliff to be incarcerated for this period of time. Nor, did Defendant Shelby County, Tennessee have any legal right to incarcerate him for this period of time.

40.  During this 73 day period of time, Plaintiff Ratliff would routinely be transported to court where he would be held in the holding cell at the courtroom. Plaintiff Ratliff would never be seen by the judge. He would sit in the holding cell all day, and then he would be transported back to the Shelby County Jail.

41.  At no point in time during this 73 day period of time did any officer or employee of Defendant Shelby County, Tennessee take any action to see why Plaintiff Ratliff was being

transported to court and not being seen by a judge.

42. During this 73 day period of time, Plaintiff Ratliff routinely informed officers and employees of Defendant Shelby County, Tennessee that he was being wrongfully detained. The officers and employees of Plaintiff Ratliff took no steps to effect his release.

43. Having served 73 days of incarceration with Defendant Shelby County, Tennessee for absolutely no reason, Plaintiff Ratliff was released from incarceration on November 4, 2019.

44. Plaintiff Demerrick Ratliff served 73 days, or 1,752 hours for no reason whatsoever.

45. There was no probable cause for the detention of Plaintiff Demerrick Ratliff by Defendant Shelby County, Tennessee.

46. There was absolutely no reason for the detention of Plaintiff Demerrick Ratliff for a period of time for which he was not charged.

47. Defendant Shelby County, Tennessee has implemented a policy which does not allow for the appropriate insurance that detainees are being lawfully incarcerated.

48. Defendant Shelby County, Tennessee has implemented a policy which allow for the indefinite detention of inmates who have not been charged of any crime.

49. Defendant Shelby County, Tennessee has implemented a policy which allows for the arrest and detention of an individual without probable cause.

50. Defendant Shelby County, Tennessee has implemented a policy which allows for the continued arrest and detention of an individual who is being unlawfully detained.

51. Defendants Harris and Bonner are the individuals responsible for establishing the policies and procedures for the running of Shelby County Jail and the Shelby County Penal Farm.

52. Plaintiff Demerrick Ratliff was unlawfully detained and arrested as a direct and proximate result of the policies and procedures of Defendant Shelby County, Tennessee, Shelby County Jail, and Shelby County Penal Farm.

53. That due to the violations of the Plaintiff's constitutional rights in contravention of the Civil Rights Act (42 U.S.C. Sec. 1983) caused by the Defendant, the Plaintiffs seeks compensatory, special and punitive damages in an amount of no less than Seven Million ($7,000,000.00) Dollars.

## CAUSES OF ACTION

## COUNT I

### Violation of 42 U.S.C. Sec. 1983

(Due Process Violations)

54. The Plaintiff restates, reiterates and incorporates by reference all of the allegations contained in paragraphs 1-53 as if set forth herein verbatim.

55. 42 U.S.C. §1983 provides in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage of any state…subjects or causes to be subjected, any citizen of the United Sates, to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

56. To establish liability under 42 U.S.C. §1983, a Plaintiff must establish (1) that he was deprived of a right secured by the constitution or laws of the United States, and (2) that he was subjected or caused to be subjected to this deprivation by a person acting under color of state law. *Alkire v. Irving*, 330 F.3d 802,813 (6th Cir. 2003).

57. The Fourth Amendment to the United States Constitution provides:

The right of the people to be secure in their persons, houses, papers, and

> effects, against unreasonable searches and seizures shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized.

U.S. Const. Amend IV.

58. By virtue of its incorporation into the Fourteenth Amendment, the Fourth Amendment requires the States to provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty. *Gerstein v. Pugh*, 420 U.S. 103 (1975).

59. Whether an arrest violates the Fourth Amendment depends upon whether, at the moment the arrest was made, the officers had probable cause to arrest the arrestee – i.e. whether at that moment the facts and circumstances within their knowledge and of which they had reasonable trustworthy information were sufficient to warrant a prudent person in believing the arrestee had committed or was committing an offense. *Beck v. Ohio*, 379 U.S. 89, 91 (1964).

60. A Fourth Amendment seizure occurs when there is a governmental termination of freedom of movement. *Brower v. County of Inyo*, 489 U.S. 593, 596-597 (1989).

61. A person acts under color of state law when the action in question is made possible only because the wrongdoer is clothed with the authority of state law. *See Monroe v. Pape*, 365 U.S. 167, 180 (1961).

62. At all times material to this Complaint the Defendant who detained the Plaintiff Demerrick Ratliff were acting under color of Tennessee law.

63. Plaintiff Demerrick Ratliff was seized and detained unreasonably by the Defendants Shelby County, Tennessee, without probable cause, under color of Tennessee law, in violation of the Fourth Amendment to the United States Constitution made applicable to the states by its incorporation into the Fourteenth Amendment, giving rise to liability under 42

U.S.C. §1983.

64. As a direct and proximate result of the Fourth Amendment violations, Plaintiff Demerrick Ratliff suffered damages including:

a. loss of liberty

b. emotional distress and mental anguish

c. personal humiliation

d. damage to reputation

e. physical suffering

65. A County is liable under 42 U.S.C. §1983 for the acts of those who speak with final policy making authority for a county and violate an individual's constitutional rights. *Gregory v. Shelby County, Tennessee*, 720 F.3d 433, 441 (6th Cir. 2000).

66. Furthermore, a "custom" even if not formally approved by an appropriate decision maker, may nonetheless subject a county to liability on the theory that the relevant practice is so widespread as to have the force of law. *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997).

67. Defendant Bonner is responsible for the hiring, training, and control of all deputies of the Shelby County County Sheriff's Department. Defendant Bonner establishes Shelby County policy with respect to the arresting and detention of persons in the Shelby County Jail and the Shelby County Penal Farm.

68. Defendant authorized detaining Plaintiff Demerrick Ratliff without probable cause or any cause, thereby rendering Shelby County liable for the unconstitutional acts and damages detailed in this complaint.

69. Additionally, in the past this Court has ordered that individuals unlawfully

detained are to be compensated at a rate of $2,000.00 per hour for this unconstitutional act. *See Rhodes v. Lauderdale County, Tennessee (U.S. District Court, Western District of Tennessee 2:10-cv-02068-JPM-dkv)* (a copy of which is attached as Exhibit "A").

70.     As the direct and proximate result of the violation of the Plaintiff's constitutional rights (due process violations), the Plaintiff has been damaged in an amount to be proven at a hearing of this cause.

## COUNT II

Violation of 42 U.S.C. Sec. 1983

(Unlawful Search and Seizure)

71. The Plaintiff restates, reiterates and incorporates by reference all of the allegations contained in paragraphs 1-70 as if set forth herein verbatim.

72.     The Fourth Amendment to the United States Constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized.

U.S. Const. Amend IV.

73.     By virtue of its incorporation into the Fourteenth Amendment, the Fourth Amendment requires the States to not commit unreasonable searches and seizures. *Gerstein v. Pugh*, 420 U.S. 103 (1975).

74.     When Defendant Shelby County, Tennessee incarcerated the Plaintiff, Defendant Shelby County, Tennessee violated the Fourth Amendment of the United States Constitution as it applies to Plaintiff Ratliff.

75.     At all times material to this Complaint, Defendant Shelby County, Tennessee was

acting under color of Tennessee law.

76. Plaintiff Demerrick Ratliff was subjected to an unreasonable search and seizure when Defendant Shelby County, Tennessee unlawfully detained the Plaintiff, in violation of the Fourth Amendment to the United States Constitution made applicable to the states by its incorporation into the Fourteenth Amendment, giving rise to liability under 42 U.S.C. §1983.

77. As a direct and proximate result of the Fourth Amendment violations, Plaintiff Demerrick Ratliff have suffered damages including:

a. loss of liberty
b. emotional distress and mental anguish
c. personal humiliation
d. damage to reputation
e. physical suffering

78. At all times complained, the employees of Defendant Shelby County, Tennessee followed the policies and procedures of Defendant Shelby County, Tennessee.

79. These policies and procedures include but are not limited to ensuring that an arrest was lawful and the continued detention of the Plaintiff was lawful.

80. As such, the deprivation of the Plaintiff's constitutional rights resulted out of the policies and procedures of Defendant Shelby County, Tennessee.

81. Defendant Shelby County, Tennessee is the entity responsible for the establishment of said policies and procedures.

82. As the direct and proximate result of the violation of the Plaintiffs' constitutional rights the Plaintiffs have been damaged in an amount to be proven at a hearing of this cause.

COUNT III

Violation of 42 U.S.C. Sec. 1983

(Cruel and Unusual Punishment Violations)

83. The Plaintiffs restate, reiterate and incorporate by reference all of the allegations contained in paragraphs 1-82 as if set forth herein verbatim.

84. 42 U.S.C. §1983 provides in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage of any state…subjects or causes to be subjected, any citizen of the United Sates, to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

85. To establish liability under 42 U.S.C. §1983, a Plaintiff must establish (1) that he was deprived of a right secured by the constitution or laws of the United States, and (2) that he was subjected or caused to be subjected to this deprivation by a person acting under color of state law. *Alkire v. Irving*, 330 F.3d 802,813 (6th Cir. 2003).

86. The Eighth Amendment to the United States Constitution provides:

Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

U.S. Const. Amend VIII.

87. A person acts under color of state law when the action in question is made possible only because the wrongdoer is clothed with the authority of state law. *See Monroe v. Pape*, 365 U.S. 167, 180 (1961).

88. At all times material to this Complaint the Defendant who detained the Plaintiff Demerrick Ratliff were acting under color of Tennessee law.

89. Plaintiff Demerrick Ratliff was seized and detained unreasonably by the Defendant Shelby County, Tennessee, for no purpose whatsoever. Since he was unlawfully detained for no purpose, Plaintiff Demerrick Ratliff was subjected to "cruel and unusual punishment" in violation of the Eighth Amendment of the United States Constitution.

90. As a direct and proximate result of the Eighth Amendment violations, Plaintiff Demerrick Ratliff suffered damages including:

    a. loss of liberty

    b. emotional distress and mental anguish

    c. personal humiliation

    d. damage to reputation

    e. physical suffering

91. A County is liable under 42 U.S.C. §1983 for the acts of those who speak with final policy making authority for a county and violate an individual's constitutional rights. *Gregory v. Shelby County, Tennessee*, 720 F.3d 433, 441 (6th Cir. 2000).

92. Furthermore, a "custom" even if not formally approved by an appropriate decision maker, may nonetheless subject a county to liability on the theory that the relevant practice is so widespread as to have the force of law. *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997).

93. Defendant Bonner is responsible for the hiring, training, and control of all deputies of the Shelby County County Sheriff's Department. Defendant Bonner establishes Shelby County policy with respect to the arresting and detention of persons in the Shelby County Jail and the Shelby County Penal Farm.

94. Defendants authorized detaining Plaintiff Demerrick Ratliff without probable cause or any cause, thereby rendering Shelby County liable for the unconstitutional acts and damages detailed in this complaint.

95. As the direct and proximate result of the violation of the Plaintiff's constitutional rights the Plaintiffs have been damaged in an amount to be proven at a hearing of this cause.

WHEREFORE, premises considered, the Plaintiff prays:

1. That proper process and notice issue and be served upon the Defendants herein requiring them to answer this Complaint.

2. That the Plaintiff reserve the right to amend the complaint.

3. That upon a hearing of this cause that the matters in controversy be decided by a jury.

4. That upon a hearing of this cause, the Plaintiff be awarded damages both compensatory, special, exemplary and punitive in an amount to be proven at a hearing of the cause.

5. That upon a hearing of this cause, the Plaintiff be awarded attorney fees and appropriate court cost and expenses for having to bring this action.

6. For such other and further relief as may be just and proper within these premises.

Respectfully submitted,

 s/Paul Forrest Craig  
PAUL FORREST CRAIG #018359  
Attorney for Plaintiff  
2400 Poplar Ave., Ste. 210  
Memphis, TN 38112  
(901) 526-7837  

s/Daniel J. Mickiewicz  
DANIEL J. MICKIEWICZ #18804  
Attorney for Plaintiff  
574 South Cooper Street  
Memphis, TN 38104  
(901) 527-8466