IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

DEMERRICK RATLIFF (PORTER),

    Plaintiff,

v.      No. 2:20-cv-02012

SHELBY COUNTY, TENNESSEE;
LEE HARRIS, Individually and in
his official capacity, and
FLOYD BONNER, JR., Individually
and in his official capacity,

    Defendants.

## ANSWER TO AMENDED COMPLAINT

Defendants Shelby County Government and Sheriff Floyd Bonner, in answer to the Amended Complaint (ECF 21-2) filed by Plaintiff Demerrick Ratliff (Porter), states as follows:

### I. Answer to Complaint

In response to the numbered paragraphs of the Complaint, Defendants state as follows:

1.     Denied for lack of knowledge.

2.     Denied in part. Defendant Shelby County may be served with process through the County Attorney's Office, 160 N. Main, Suite 950, Memphis, TN 38103.

3.     Admitted.

4.     Admitted.

5. Denied that a valid cause of action against Defendants arose anywhere. The remaining allegations are admitted.

6. Denied for lack of knowledge.

7. Denied that the relief sought is warranted or appropriate.

8. Denied for lack of knowledge.

9. Admitted.

10. Admitted.

11. Denied for lack of knowledge as to the actual relationship between Plaintiff and Demerrick Porter, Jr. The remaining allegations are admitted.

12. Denied that the "Shelby County Grand Jury" is an entity. The Grand Jury is an entity of the State of Tennessee. The remaining allegations are admitted.

13. Denied for lack of knowledge.

14. Admitted only that the State of Tennessee issued an arrest warrant for Plaintiff for violation of parole and that Plaintiff had been on parole.

15. Denied as stated.

16. Denied as stated.

17. Admitted.

18. Denied for lack of knowledge.

19. Admitted.

20. Admitted only that Plaintiff was arrested based on a warrant for parole violation.

21. Denied for lack of knowledge.

22. Admitted only that Plaintiff's RNI number is 497832 and that his purported son's RNI number is 274883. The rest is denied as stated.

23. Denied for lack of knowledge.

24. Denied as stated.

25. Admitted.

26. Admitted.

27. Admitted only that Defendant Bonner oversees the policies and procedures of the Shelby County Jail. The rest is denied as stated.

28. Denied for lack of knowledge.

29. Denied for lack of knowledge.

30. Denied for lack of knowledge.

31. The allegations in Paragraph 31 regarding the City of Memphis Police Department are denied for lack of knowledge. The remaining allegations are denied as stated.

32. Denied as stated.

33. Denied as stated.

34. Admitted only that the State of Tennessee took action to revoke the parole of Plaintiff. The remaining allegations are denied for lack of knowledge.

35. Admitted.

36. Admitted.

37. Denied for lack of knowledge that Plaintiff attempted to inform any officers that his alleged detention was wrongful. The remaining allegations are denied as stated.

38. Denied for lack of knowledge.

39. The first sentence of Paragraph 39 is denied for lack of knowledge. The second sentence is vague and unclear, and is therefore denied for lack of knowledge.

40. Admitted only that Plaintiff was released. The remaining allegations are denied for lack of knowledge.

41. Admitted.

42. Admitted only that Plaintiff was incarcerated between August 23, 2019 and November 4, 2019. The remaining allegations are denied.

43. Denied for lack of knowledge.

44. Denied as stated.

45. The first sentence in Paragraph 45 is denied for lack of knowledge. The remaining allegations are denied as stated.

46. Denied for lack of knowledge.

47. Denied for lack of knowledge.

48. Admitted only that Plaintiff was released on November 4, 2019. The remaining allegations are denied.

49. Admitted only that Plaintiff was incarcerated for approximately 73 days. The remaining allegations are denied.

50. Denied as stated.

51. This paragraph contains only legal conclusions, and not factual allegations.

52. The first two sentences of Paragraph 52 are denied. The third sentence is vague and unclear and is therefore denied for lack of knowledge.

53. Admitted.

54. Admitted.

55. Admitted.

56. Admitted only that the *White* case was closed on September 17, 2019. The remaining allegations are denied as stated.

57. Admitted only that Defendant Bonner had knowledge of the two referenced class action lawsuits.

58. Denied as stated.

59. Denied as stated.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Admitted only that Defendant Bonner oversees policies and procedures for the Shelby County Jail. The remaining allegations are denied.

67. Denied as stated.

68. Denied as stated.

5

69. Denied.

70. Denied that the relief sought is warranted or appropriate.

71. No response to Paragraph 71 is required.

72. This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

73. This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

74. This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

75. This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

76. This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

77. This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

78. This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

79. Denied for lack of knowledge.

80. Denied.

81. Denied.

82. Denied.

83. This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

84. This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

85. Admitted only that Defendant Bonner oversees the offices responsible for hiring, training, and administration of deputies, and policies for the Shelby County Jail. The remaining allegations are denied.

86. Denied.

87. Denied as stated that the Rhodes case in any way applied to the allegations in this case. The rest of the paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

88. Denied.

89. No response to this Paragraph is required.

90. This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

91. This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

92. Denied.

93. Denied as stated.

94. Denied for lack of knowledge.

95. Denied.

96. Denied.

97. Denied for lack of knowledge.

98. The allegations in this paragraph are vague and unclear and are therefore denied for lack of knowledge.

99. Denied.

100. The allegations in this paragraph are vague and unclear and are therefore denied for lack of knowledge.

101. Denied.

102. No response to this paragraph is required.

103. This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

104. This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

105. This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

106. This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

107. Denied for lack of knowledge.

108. Denied.

109. Denied.

110. This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

111. This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

112. Admitted only that Defendant Bonner oversees the offices responsible for hiring, training, and administration of deputies, and policies for the Shelby County Jail. The remaining allegations are denied.

113. Denied.

114. Denied.

115. No response to this Paragraph is required.

116. This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

117. This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

118. This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

119. This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

120. Denied for lack of knowledge.

121. Denied.

122. Denied.

123. This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

124. This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

125. Admitted only that Defendant Bonner oversees the offices responsible for hiring, training, and administration of deputies, and policies for the Shelby County Jail. The remaining allegations are denied.

126. Denied.

127. Denied.

128. No response to this paragraph is required.

129. This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

130. This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

131. This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

132. This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

133. Denied for lack of knowledge.

134. Denied as stated.

135. Denied as stated.

136. Denied.

137. This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

138. This paragraph contains only legal assertions, and not factual assertions. Thus, no response is required.

139. Admitted only that Defendant Bonner oversees the offices responsible for hiring, training, and administration of deputies, and policies for the Shelby County Jail. The remaining allegations are denied.

140. Denied.

141. Denied.

## ANSWER TO PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief he seeks or any other relief whatsoever.

Any allegation contained in the Amended Complaint which has not previously been admitted, denied, or explained, in whole or in part, is hereby denied.

Defendants reserve the right to amend this Answer pursuant to the Federal Rules of Civil Procedure and the Orders of this Court.

### II. Affirmative and Other Defenses

1. The Amended Complaint fails to state a claim upon which relief can be granted. Moreover, based on the allegations in the Amended Complaint, with respect to Plaintiff's alleged violations of his rights (including, but not limited to, any erroneous confusion of his RNI number with any other RNI number, any failure or refusal to provide a parole revocation hearing, counsel, or bond, or any failure to identify and rectify any alleged mistaken identity), the entities most directly responsible are not Shelby County entities, but are instead the State of Tennessee (and/or its agencies,

including but not limited to the District Attorney's Office for the 30th Judicial District of Tennessee, grand jury for the District Attorney's Office for the 30th Judicial District of Tennessee, and/or the Tennessee Board of Probation and Parole).

2. All of actions of Shelby County employees, appointees, or elected officials with respect to Plaintiff (if any) were taken in good faith, were taken within the course and scope of their employment, were based on probable and reasonable cause, were those of an objectively reasonable corrections officer, were in accordance with the statutes and the common law of the United States of America and the State of Tennessee, and were in accordance with the Constitutions of the United States of America and the State of Tennessee. Any such employees, appointees, or elected officials named, now or at a later date, including but not limited to Sheriff Bonner, are therefore entitled to qualified immunity, executive immunity, or judicial immunity as the case may be under both federal and state law as to all claims alleged by Plaintiff.

3. Plaintiff fails to state a claim against Shelby County to the extent that it is entitled to sovereign immunity, or was acting as an agent of, or in compliance with directives of, the State of Tennessee or its agencies.

4. To the extent that Plaintiff's alleged injuries and/or damages were caused or contributed to by his own unlawful conduct, recovery for such alleged injuries and/or damages is barred in whole or in part.

5. To the extent that Plaintiff's alleged injuries and/or damages were caused or contributed to by the actions and/or omissions of other persons and/or other entities,

including but not limited to any judges or judicial officers, Plaintiff's recovery for such alleged injuries and/or damages is barred in whole or in part.

6. To the extent Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, such statute is pled as a bar to Plaintiff's claims.

7. Defendants aver that this action, in whole or in part, is frivolous, unreasonable, and groundless. Accordingly, Defendants are entitled to attorney's fees and other costs associated with the defense of this action.

8. In order to preserve their affirmative defenses and pending the completion of discovery, Defendants aver Plaintiff's claims are barred, in whole or in part, by operation of the doctrines of waiver, unclean hands, laches, equitable and judicial estoppel, and/or mistake.

9. Defendants reserve the right to assert additional defenses that may be discovered during the course of discovery.

10. For all the reasons contained herein, Defendants request that the Court dismiss all of Plaintiff's claims with prejudice and award Defendant all fees, costs, and/or other such other relief to which the Court deems they are entitled.

Respectfully submitted,

*/s/ E. Lee Whitwell*
E. LEE WHITWELL (#33622)
lee.whitwell@shelbycountytn.gov
KATHERINE L. FRAZIER (#17357)
Katherine.frazier@shelbycountytn.gov
SHELBY COUNTY ATTORNEY'S OFFICE
160 North Main Street, Suite 950
Memphis, TN 38103
(901) 222-2100

*Attorney for Defendants*

Certificate of Service

I certify that the foregoing is being filed via the Court's ECF system this 8th day of May, 2020, for service on all persons registered in connection with this case, including the following:

Paul Forrest Craig
2400 Poplar Ave., Ste. 210
Memphis, TN 38112
pfcraig@bellsouth.net
(901) 526-7837

Daniel J. Mickiewicz
574 South Cooper Street
Memphis, TN 38104
Mickiewiczlaw@yahoo.com
(901) 527-8466

*Attorneys for Plaintiff*

*/s/ E. Lee Whitwell*